BLANCO ET AL., APPELLANTS, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Partition.

No. 423.—Decided December 23, 1919.

RECORD OF TITLE—PARTITION.—The partition of an estate having been previously recorded as to certain allotments, record cannot be thereafter refused in the same registry as to the remaining interests on grounds which necessarily had to be considered when the previous record was made.

ID.—ID.—CONJUGAL PARTNERSHIP PROPERTY.—Although the allotment to a widower in a partition is made some time after the death of his wife, if such allotment is made to take effect on a date prior to her death and in payment of services rendered by the husband while his wife was living, there is no doubt that the property is conjugal partnership property.

ID.—INHERITANCE TAX—EXEMPTION.—In order that title to inherited property may be recorded in the registry, it is necessary to present in the registry a receipt showing the payment of the inheritance tax or a document proving exemption from such payment.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellants.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

Jacinto Blanco González made a will on July 24, 1902, wherein he named as his sole and universal heirs his four children named Cándida, Carmen, Gertrudis and Jacinto, born of his marriage with Encarnación Carvajal, then deceased. By a deed of March 12, 1907, Jacinto Blanco Carvajal assigned his hereditary rights in the estates of his

parents to Rafael Arce Rollet and on July 12, 1908, Gertrudis made a will wherein she named as her usufructuary heir for life her husband, Ramón de las Bárcenas Chirino. On November 22, 1908, the heirs of Jacinto Blanco González partitioned the estates of their parents, Rafael Arce Rollet, as assignee of the rights of Jacinto Blanco Carvajal, and Ramón de las Bárcenas Chirino, as usufructuary heir of his deceased wife, Gertrudis Blanco Carvajal, taking part in the said partition, in which was acknowledged a debt of $1,500 in favor of Ramón de las Bárcenas Chirino for the administration of the properties of the estate of Jacinto Blanco González and in payment thereof there was allotted to him a condominium for the said sum in the property described under number 27 of the inventory, and they also allotted to him the usufruct of the properties that would have belonged to his deceased wife. The sum of $1,283.57 was collated for Gertrudis Blanco Carvajal, which, as a debt, was allotted to her usufructuary heir, and under the heading "Acknowledgment of Ownership" the parties stated that the amount collated for her is included in the purchase price of a town property which the predecessor in title delivered to her, the price of that property being $900, and that in consideration of this fact the parties acknowledge that the said property is part of the inheritance of the said Gertrudis Blanco Carvajal and consent that the title to the same be recorded in the registry of property of the district, describing the property.

The partition of the estate was recorded in the Registry of Property of Caguas on November 26, 1916, as to the properties allotted to Cándida, Carmen and Rafael Arce Rollet, as assignee, and also as to the allotments to the Successors of José María Blanco.

Jacinto Blanco Carvajal executed another deed on January 4, 1913, in which he ratified the assignment to Rafael Arce Rollet of his hereditary rights and approved and confirmed the deed of partition of the estates of his parents

and acknowledged that the properties therein allotted to Rafael Arce Rollet as his assignee have been and are the property of the latter.

By another deed of October 13, 1914, José Martínez Balasquide and Francisco Martínez Gómez set forth that together with Rev. Tonginos Tovar they were witnesses to the will of Jacinto Blanco González, whom they considered as having the necessary capacity to make the will; that they saw and understood him and that he had full legal capacity to make the will, and also that the other witness, Tovar, constantly visited him during his illness, advised him to make a will, was present when he did so and also saw and understood the testator.

Ramón de las Bárcenas Chirino, the usufructuary heir of Gertrudis Blanco Carvajal, having died, the District Court of Humacao, by an order of November 18, 1918, designated as heirs to the direct ownership of her properties her sisters Cándida and Carmen and her brother Jacinto Blanco Carvajal.

These three presented the documents referred to, together with others which we need not mention now, in the Registry of Property of Caguas, exhibiting a paper signed by their attorney in fact, Agustina Ramos, wherein they petitioned for the following: (*a*) The record in the name of Gertrudis Blanco Carvajal of a certain property which under the heading "Acknowledgment of Ownership" is described in the deed of partition: (*b*) The record in the names of the spouses Ramón de las Bárcenas Chirino and Gertrudis Blanco Carvajal as community property of an interest in a property which is described in the deed of partition; (*c*) The record in the name of Ramón de las Bárcenas Chirino of the life estate and in the names of the petitioners of the remainder in certain properties which appear as having been allotted to Ramón de las Bárcenas Chirino in payment of his interest as heir of his wife; (*d*) The record of all the said properties in the names of Cán-

dida, Carmen and Jacinto Blanco Carvajal as absolute owners thereof, for the reason that, owing to the death of the usufructuary heir, they had become vested with the full ownership of the said properties; which records should have no limitation except as regards the condominium of $1,500 in the property of 120 acres affecting only one-half of that credit, that being the portion to which the heirs of Gertrudis Blanco Carvajal are entitled; and that the records be made undividedly in equal shares in the names of the said three heirs.

The registrar of property refused the records asked for on the grounds stated in the following decision:

"Record of the foregoing document, partition deed No. 241 executed in Caguas on November 22, 1908, before notary Lorenzo Jiménez García, is refused after examining other accompanying documents, only as regards the property mentioned on folio 23 of the said deed and as to those marked numbers 27 and 39 in the inventory, which are the only ones sought to be recorded, because of the following incurable defects: First. Because the open will of Jacinto Blanco González, executed in Aguas Buenas under No. 7 on July 24, 1902, before the said notary, who states that he had it before him as a basis for the execution of the preceding document, is null and void for lack of the essential statement required by section 703 of the Civil Code to the effect that the witnesses saw and understood the testator, which omission, considering the character given to such act by section 708 of said code, can not be supplied by the deed explanatory of the will, executed under number 194 before the same notary on October 12, 1914, by two of the said witnesses, because instead of contradicting it confirms the existence of the said defect; the deed of partition not being, recordable, therefore, for lack of a valid will from which the heirs derive their rights. Second. Because there is no proof of the character of heir ascribed to Rafael Arce Rollet in the said deed of partition, as assignee of Jacinto Blanco Carvajal, one of the lawful heirs of Jacinto Blanco González; and although there was presented for that purpose deed number 283 for the ratification of the assignment of hereditary rights and partition of estate, executed by the first two persons on December 27, 1912, before the same notary, nevertheless that deed is null and void because the notary does not attest to personal ac-

quaintance with the parties, which omission is in violation of section 16 of the notarial law and produces the nullity of the document under the provisions of section 20 of the same law. Third. Because, admitting for the purposes of considering the present defect that the said will is valid, if its context and import are considered it would seem that no account was taken of it in the preparation of the deed of partition, since Rafael Arce Rollet, who is not a lawful heir, was made a party to it, while Jacinto Blanco Carvajal, who is such lawful heir and whose personality should not have disappeared, had no intervention in the partition as he ought to have had in order to give his consent and approval to the said partition as executed by the other testamentary heirs, the omission of such consent being a defect which prevents the record of the document here involved, in accordance with section 1228 of the Civil Code; such record being also prevented by article 20 of the Mortgage Law, which provides that the right conveyed must be previously recorded in the name of the person conveying it, and here such provision was not complied with inasmuch as the properties were directly allotted to Arce Rollet and not to the lawful heir Blanco Carvajal, as should have been done in compliance with that statute. And it is needless to say that deed No. 283 above mentioned is insufficient to supply or justify the consent of the lawful heir, since it is null and void for the reason before stated. It is further stated that even admitting the validity of the deed last mentioned, and therefore the capacity of the said Arce Rollet as assignee of Blanco Carvajal, the former could not furnish in lieu of the latter the necessary consent to the partition, for the reason that a judgment had been entered by the District Court of Humacao on June 5, 1911, and affirmed by the Supreme Court of Porto Rico. *Morales* v. *Arce*, 18 P. R. R. 530, adjudging the rescission and nullity of the deed of assignment of rights and interests executed by Blanco Carvajal in favor of Arce Rollet on March 12, 1907, before notary José A. Cajas Machado, inserted in the said deed No. 283, and adjudging also the nullity of the allotment to Arce of the properties of Blanco Carvajal in the deed of partition, which deed, therefore, is null and void *in toto*, in accordance with jurisprudence holding that a deed of partition is a whole made up of parts so closely related to each other that a part can not be annulled without affecting the whole. Fourth. Because the will of J. Blanco González being null and void for the reason above stated, the property described under the heading ''Acknowledgment of Ownership'' at folio 23 of the deed of par-

tition can not be recorded in the name of his heir, Gertrudis Blanco Carvajal, aside from the fact that the deed of partition itself is not recordable owing to its defects.     Fifth. Because there can not be recorded as community property of the spouses Ramón de las Bárcenas Chirino and Gertrudis Blanco Carvajal the interest in property number 27 of the inventory, which was allotted to the former in the said deed of partition: (*a*) Because of the nullity of both the will and the deed of partition for the reasons already stated; and (*c*) because it does not appear that the said conjugal partnership was liquidated, with the intervention of the surviving spouse, so as to determine whether such interest is community property, as neither the statement made by the persons interested in the partition regarding the legal effect of its 5th proviso, nor that contained in the petition which accompanied the document here presented signed, by Agustina Ramos in behalf of the former, is sufficient for that purpose, because after the dissolution of a conjugal partnership the deeds of acquisition of its properties are not sufficient to determine which of them are community property, a liquidation of the estate and the consequent allotment of that which is not the separate property of each spouse being necessary.     Sixth. Because regarding the property described at folio 23 of the partition and properties numbers 27 and 39 of the inventory, neither can the life estate be recorded in the name of Ramón de las Bárcenas Chirino, nor the remainder in the names of Cándida, Carmen and Jacinto Blanco Carvajal, for the reason that the will from which the interested persons derive such rights, executed in Aguas Buenas by their ancestor, Gertrudis Blanco Carvajal, before notary Lorenzo Jiménez García, by Act No. 148 of July 12, 1918, is null and void, (*a*) because the said notary did not certify to his personal acquaintance with the testatrix, but only to her profession and domicile, and he also failed to state that the witnesses knew the testatrix and saw and understood her, which omissions void the will.     (*b*) Because the supposed heir, Jacinto Blanco Carvajal, did not appear in said partition to give his consent and approval, notwithstanding that the ancestor had died when the partition was executed, (*c*) because as to property No. 39 of the inventory, it is not recorded in the name of Jacinto Blanco González, inasmuch as it has disappeared as such from the registry by virtue of the disposition made of it in connection with property number 40 of the inventory, and (*d*) because there has been presented no receipt showing the payment of the inheritance tax on the estate of Gertrudis Blanco Carvajal or a docu-

ment showing that the Treasurer of Porto Rico considered it exempt from such payment. And, Seventh. Because the petition for the several records referred to, as well as the deed of partition, are defective in that their terms are not clear, the language being obscure, ambiguous and confused, and it becomes unnecessary to set forth the causes of such defects as they appear clearly from the documents themselves. It is further stated that in rendering this decision the fact has been considered that the deed of partition has been already recorded by a former incumbent of this office as to some of the properties therein mentioned; but notwithstanding this, in compliance with the mandatory provision of article 18 of the Mortgage Law, and considering the responsibilities of every kind inherent to its infringement, I have again passed on the said deed of partition, pointing out its defects, some of which appear from the deed itself and the accompanying documents and others from the registry; in the further belief that the rule recently laid down by the Supreme Court of Porto Rico to the effect that the previous record of a partition as to a certain property binds the registrar who recorded it and his successors in office, as to the remaining properties, with regard to those grounds which necessarily had to be considered when the previous record was made, is not absolute but only relative. And a cautionary notice of this refusal has been entered in lieu of the records sought for a period of 120 days in the names of the interested parties, Jacinto, Cándida and Carmen Blanco y Carvajal, at folios 119 and 248 of volume 10 of Aguas Buenas and at folio 119 of volume 1 of the said municipality, properties Nos. 283 duplicate, 22 triplicate and 28, entries letters A, respectively.''

As may be seen from the decision transcribed, the first and fourth grounds of the registrar's refusal are based on the nullity of the will of Jacinto Blanco González, and the second and third on the nullity of the partition of his estate, but inasmuch as these documents were presented in the same registry, although to different officers, and were admitted for recording the allotments made to the other heirs, the registrar can not now refuse to record the allotment which was not then recorded on grounds which necessarily had to be considered when the previous record was made, as we held in *Gerena v. Registrar of Humacao,* 26 P. R. R. 79,

wherein the question was carefully studied in connection
with decisions of the Directorate of Registries of Spain.

The said four grounds being discarded for that reason,
we shall consider the remaining grounds.

In the fifth the registrar expresses, under letters *a, b*
and *c,* three grounds for refusing to record a certain prop-
erty as ganancial property of Ramón de las Bárcenas Chi-
rino, but we will not consider grounds *b* and *b* for the reason
already stated, inasmuch as they are based on the nullity
of the will of Blanco González and of the partition of his
estate, and shall confine ourselves to considering ground *c,*
to the effect that it did not appear that the conjugal part-
nership of which Bárcenas was a member had been liqui-
dated, so as to determine whether or not that property is
ganancial property.

Although the deed of partition, wherein an interest is
allotted to Bárcenas in a certain property in payment of
his services as administrator of the estate of Blanco Gon-
zález, was executed on November 22, 1908, or two months
after the death of his wife, nevertheless, as not only by its
fifth clause the parties agreed that the same should have
legal effect from the 2nd of April of the year 1907 when the
partition was actually made and each heir took possession of
the properties allotted to him, but also because the character
of ganancial property of that acquisition clearly appears
from the said deed of partition, which is a public instrument
wherein Bárcenas appears to be a party, and it shows that
the consideration for such acquisition was services rendered
during the life of his wife, there can be no doubt of the char-
acter as ganancial property of that acquisition even without
the intervention of the heirs.

Under the sixth ground record is refused of the life es-
tate in favor of Barcénas and of the remainder in the names
of the brothers and sisters of his wife, because the will of
Gertrudis Blanco Carvajal is null and void for the various
reasons stated under letters *a, b, c* and *d.*

That will was previously examined and admitted by the registrar in recording the allotments to the other heirs in accordance with the partition in which Bárcenas took part as the usufructuary heir of Gertrudis, therefore we will not consider the reasons stated under letters *a* and *b* and shall now confine ourselves to the other two reasons. Ground letter *c* is that property No. 39 of the inventory, which forms part of the estate of Blanco González and was allotted to his daughter Gertrudis, can not be recorded in the names of the appellants because it is not recorded in the name of the ancestor, inasmuch as it has disappeared as such property from the registry by virtue of the disposition made of it in connection with property No. 40 of the said inventory. In considering this ground of refusal we will observe that in the inventory there was described under No. 28 a property which the heirs agreed to divide into two properties which were described under Nos. 39 and 40, the usufruct of the former being allotted to the widower of Gertrudis and the latter being allotted to Carmen who recorded it in her name in the year 1916, from which it appears that as Blanco González had the whole property recorded in his name, it can not be inferred from the fact that one-half was allotted and recorded in the name of Carmen that the whole property had disappeared from the registry by virtue of that record, as the registrar maintains, and that the other half cannot be recorded.

We find that the defect marked letter *d* exists, because there being involved the record of the estate of Gertrudis Blanco Carvajal, it was necessary to present in the registry of property the receipt showing the payment to the Treasurer of Porto Rico of the inheritance tax thereon or a document showing that it was declared exempt from such tax, because section 379 of the Political Code forbids registrars from recording documents like the one involved in this appeal when there is no showing of such payment. *Díaz et al.*

v. *Registrar of Property*, 20 P. R. R. 388; *Riefkohl* v. *Registrar of Caguas*, 27 P. R. R. 342. · This the appellants admit.

The seventh and last ground of the decision endorsed on the deed of partition need not be considered at length because it being stated therein as a conclusion that the language of the petition and of the deed of partition is ambiguous, obscure and confused, without stating the reasons for that conclusion, that ground cannot be discussed, and with much more reason when we do not see that the documents contain these defects.

On March 6, 1919, the registrar also refused to make a marginal entry of the consolidation of the usufruct with the remainder by reason of the death of Bárcenas, the usufructuary, according to a note endorsed on the declaration of intestate heirship of Gertrudis, as to the direct ownership of her estate, "because neither the right of usufruct appears recorded in the name of the usufructuary, Ramón de las Bárcenas Chirino, nor the remainder in the names of the heirs Cándida, Carmen and Jacinto Blanco Carvajal."

Although the appellants allege that they have not asked for the record of the usufruct and that after an examination of the documents presented the registrar could have recorded, by reason of the death of the usufructuary, the ownership title in the names of the heirs of Gertrudis; nevertheless, from paragraphs C and D of the petition which they presented to the registrar through their attorney in fact it appears that they asked for the record of the said usufruct and of the remainder title, and also the record in their names as absolute owners by reason of the conversion into full ownership by virtue of the death of Bárcenas. Taking this into account and the registrar having refused to record the usufruct and the remainder, he was justified in refusing to make the entry of consolidation of ownership.

For the foregoing reasons, the decision of March 6, 1919, endorsed on the partition of the estate of Jacinto Blanco González must be reversed in so far as it refuses the records

asked for under letters A and B, which are not affected by the defect of failure to present the receipts showing the payment of the inheritance tax on the estate of Gertrudis Blanco Carvajal or a document proving that the estate is exempt from said tax, which records therefore should be made; and the said decision must be affirmed for that sole reason as to the records asked for under letters C and D. The decision of the same date endorsed on the declaration of heirs of Gertrudis Blanco Carvajal is also affirmed.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.